# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| TERRY LEWIS BENFORD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:18-cv-5-JMB |
| DUNKLIN COUNTY, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Terry Lewis Benford for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $3.78. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss all but the individual capacity claims against defendants Ashley Grisham, Gina Whitlock and Dr. Charles Pewitt.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly balance of $18.89. The Court will therefore assess an initial partial filing fee of $3.78, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

At present, plaintiff is an inmate at the Eastern Reception, Diagnostic and Correctional Center. At the time of the events giving rise to the complaint, he was incarcerated at the Dunklin County Justice Center. He brings this action pursuant to 42 U.S.C. § 1983 against Dunklin County, Nicole Green, Ashley Grisham, Gina Whitlock, and Dr. Charles Pewitt. He sues the defendants in an official and individual capacity. In the complaint, plaintiff states that he filed grievances because he was not given medical care, including insulin, for diabetes. He states he followed the jail's grievance procedure, but now believes he must file this lawsuit because his federally-protected rights were violated.

Plaintiff sets forth his claims in the format of describing grievances he has filed. Liberally construed, however, he can be understood to allege that, in approximately October

3

and/or November of 2017, Whitlock, Grisham, and Pewitt were aware of the fact he was diabetic, but refused to provide him with the necessary medical treatment, including insulin. He also can be understood to allege that Grisham denied plaintiff necessary medical evaluations because he was unable to pay for them. The Court concludes, for purposes of initial review, that plaintiff has stated claims of deliberate indifference against Whitlock, Grisham, and Pewitt in their individual capacities.

Defendant Dunklin County, and the official capacity claims against the individual defendants, will be dismissed. To state a claim against a municipality, or against a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978), *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The instant complaint contains no allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. It therefore fails to state a claim against Dunklin County or the defendants in their official capacities.

Plaintiff claims that Green either responded inadequately to his grievances, or ignored them entirely. In addition, throughout the complaint, plaintiff generally complains that grievances he filed were either improperly addressed or ignored. However, there is no federal constitutional right to a prison grievance procedure, and neither a state law nor a state policy creates one. If a jail or prison elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on

inmate). Therefore, plaintiff's claims against Green, and all of his claims stemming from the manner in which his grievances were handled, are subject to dismissal.

Plaintiff can also be understood to allege that certain jail policies, including those governing distribution of medication, were not followed. However, it is well established that an internal jail policy or procedure does not create a constitutional right, and a jail official's failure to follow a jail's policy or procedure does not rise to the level of a § 1983 claim. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability).

Plaintiff also alleges that Whitlock threatened to use a taser on him, and used profanity when speaking to him. These allegations do not state claims of constitutional significance. *See Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) (mere words, without more, do not invade a federally-protected right).

Plaintiff can also be understood to allege that the jail's law library is inadequate. However, he does not allege that the lack of the library or other resource deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action alleging violation of his constitutional rights. He therefore fails to state a claim under the First Amendment. *See Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (*per curiam*) (citing *Lewis*, 518 U.S. 343); *see also Hartsfield v. Nichols*, 511 F.3d 826, 833 (8th Cir. 2008) (without an articulation of how the alleged deficiency actually blocked access to filing a complaint, the plaintiff's alleged injuries are merely speculative).

Finally, plaintiff alleges that Pewitt and Grisham once gave him the wrong medicine and he suffered an allergic reaction, and Grisham failed to maintain the confidentiality of his medical

information. These allegations are tantamount to medical malpractice or negligence, not deliberate indifference. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (the Constitution is not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (medical malpractice does not amount to a claim of constitutional dimension "merely because the victim is a prisoner").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $3.78 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that defendants Dunklin County and Nicole Green are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the official capacity claims against defendants Ashley Grisham, Gina Whitlock and Dr. Charles Pewitt are **DISMISSED**.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process, or cause process to issue, upon defendants Ashley Grisham, Gina Whitlock, and Dr. Charles Pewitt. The defendants shall be served by issuance of summons and service by the U.S. Marshal's Office at the Dunklin County Justice Center, 1175 Floyd Street, Kennett, MO 63857.

Dated this 25th day of April, 2018.

                                         /s/ Ronnie L. White
                                         RONNIE L. WHITE
                                         UNITED STATES DISTRICT JUDGE