UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TERRY LEWIS BENFORD, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18-cv-5-JMB |
| DUNKLIN COUNTY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the Motion to Dismiss, filed by defendants Ashley Grisham and Charles Pewitt (collectively "defendants"). The plaintiff has not responded to the motion, and the time for doing so has passed. For the reasons discussed below, the motion will be granted in part and denied in part.

### I. Background

Plaintiff Terry Lewis Benford ("plaintiff") is presently incarcerated at the Eastern Reception, Diagnostic and Correctional Center, but at all times relevant to the instant case, he was a pretrial detainee at the Dunklin County Justice Center. In the complaint, plaintiff alleged that defendants Ashley Grisham and Charles Pewitt, the nurse and doctor, respectively, at the Dunklin County Justice Center, were aware that he was diabetic, but failed to provide necessary medical treatment, including administering insulin, and also ignored requests for medical attention. Plaintiff also alleged that Dr. Pewitt referred him for an endocrinology consultation, but Grisham refused to schedule the consultation because plaintiff could not afford it.

### II. Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *id*. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id*. at 555–56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). In addition, all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).

### III. Discussion

In support of the instant motion, defendants argue that plaintiff has failed to plead a claim of deliberate indifference against them. In support, they argue that plaintiff presented only vague and conclusory allegations that defendants were aware of plaintiff's diabetic condition yet failed

to provide necessary treatment. They also argue that plaintiff failed to allege he ever had a serious medical need and that he in fact did not have a serious medical need, and they argue that he failed to allege that either of them ever refused to see him or ignored a serious medical need. Defendants also contend that Grisham is a nurse who cannot prescribe medications.

To state a claim for inadequate medical care under the fourteenth amendment, a detainee must plead facts sufficient to indicate a deliberate indifference to serious medical needs.[1] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). A claim of deliberate indifference involves both an objective and a subjective component. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citations omitted). The plaintiff must demonstrate (1) that he suffered an objectively serious medical need, and (2) the defendant actually knew of but deliberately disregarded that need. *Id.* A "serious medical need" is "one that has been diagnosed by a physician requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011). Deliberate indifference may be found when prison officials intentionally deny access to medical care. *Estelle,* 429 U.S. at 104–05.

In the complaint, plaintiff clearly alleges that he had been diagnosed as an insulin dependent diabetic, and he clearly alleges that, on August 13, 2017, he told Grisham and Pewitt this and gave them his medical records. Therefore, it certainly cannot be said that plaintiff failed to allege he had a serious medical condition, or that he presented only vague and conclusory allegations that defendants were aware of it.

---

[1] Because the fourteenth amendment affords pretrial detainees at least as great protection as that given to convicts under the eighth amendment, courts have consistently applied the eighth amendment deliberate indifference standard to pretrial detainee claims involving the denial of medical care. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

3

Plaintiff also clearly alleges that defendants did not provide care when his blood sugar was extremely low, he alleges he filed a grievance on October 24, 2017 because defendants refused to examine him and refused to give him medication for diabetes, and he alleges that he filed a grievance on November 1, 2017 regarding the fact that he submitted three sick call requests that defendants ignored. Plaintiff also alleges he filed a grievance on November 8, 2017 concerning the fact that testing revealed his blood sugar was 190 but defendants refused to give him insulin. It therefore cannot be said that plaintiff failed to allege that defendants ever ignored a serious medical need or refused to see him, or that they failed to provide necessary insulin or medical treatment. While Grisham may be unable to write a prescription for insulin, she most certainly can administer it, and plaintiff clearly alleges she failed to do so.

Defendants also argue that plaintiff's allegations amount to a mere disagreement with treatment decisions, that plaintiff merely complains he was given a different type of insulin, and that plaintiff has not established that he suffered a detrimental effect related to a delay in treatment. However, as discussed above, plaintiff has adequately pled claims of deliberate indifference against defendants. Defendants also contend:

> As demonstrated by Plaintiff's own Complaint, his insulin was stopped because he repeatedly had blood sugar levels that were not high. Therefore, he was not receiving any insulin, even though it was prescribed, because it is not given if blood sugars are not high.

(Docket No. 17 at 3). However, this argument ignores plaintiff's allegation that defendants refused to give him insulin when his blood sugar was measured at 190.

Defendants also contend that plaintiff failed to state when and how they violated his rights. As the Court noted in its April 25, 2018 order, plaintiff sets forth many of his allegations in the format of describing the dates and content of grievances he filed. However, the manner in which plaintiff describes his allegations does not obscure his claims, or leave unclear the

4

approximate dates of the alleged wrongdoing. This Court is obligated to consider the complaint as a whole, *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009), and to liberally construe the allegations therein. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Defendants also contend that plaintiff failed to set forth sufficient details regarding any alleged denial of medical treatment, such as what medication was not given, when it was not given, what medical treatment was necessary and what medical treatment was refused. Defendants argue that plaintiff "did not say **when** these Defendants were violating Plaintiff's federally protected rights, and **how** they violated any such rights." (Docket No. 17 at 5) (emphasis in original). Defendants' arguments are not well taken. While not a model of clarity, the complaint, considered as a whole and liberally construed, adequately alleges claims of deliberate indifference against defendants. At this stage of the litigation, plaintiff is not required to set forth detailed factual allegations or specific facts that describe the evidence to be presented, nor is he required to prove the elements of his claims. *See Gregory v. Dillards, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (*en banc*) (quotations and citation omitted) (to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations to provide the grounds on which the claim rests; it need not set forth detailed factual allegations, or specific facts that describe the evidence to be presented).

The Court turns to plaintiff's claim that Grisham refused to schedule an endocrinology consultation because he could not afford it. In the instant motion, Grisham[2] states that the endocrinologist would not see plaintiff without payment up front, and she argues she cannot be held responsible for not sending plaintiff for the consultation because she did not have the

---

[2] In the instant motion, both defendants argue for the dismissal of this claim. However, as set forth in the Court's prior Memorandum and Order, this claim involves only Grisham.

authority to direct that the payment be made.[3]  As noted above, plaintiff has not responded to the instant motion, nor has he filed anything that could be construed as an attempt to continue to pursue this claim in light of the instant motion.  Court will accept Grisham's argument because it is reasonable, and plaintiff has offered nothing in response.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by defendants Ashley Grisham and Charles Pewitt is **GRANTED** to the extent Grisham seeks dismissal of plaintiff's claim that she violated his constitutional rights by failing to send him for an outside medical consultation, and is **DENIED** in all other respects.  A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that defendants Ashley Grisham and Charles Pewitt shall answer the complaint no later than thirty (30) days from the date of this Memorandum and Order.

Dated this 18th day of July, 2018.

/s/ John M. Bodenhausen
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

---

[3] Defendants set forth various other arguments.  They argue that a jail employee, not Grisham, was actually the one who told plaintiff he could not see an endocrinologist without pre-payment, and that plaintiff could have simply paid for the consultation himself.  These arguments are not well taken.  The complaint clearly states that Grisham told plaintiff he could not go to the consultation because he did not have enough money in his account. (Docket No. 1 at 10, 11).  In addition, plaintiff clearly stated he did not have enough money to pay for the consultation.