UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| TERRY LEWIS BENFORD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:18 CV 5 JMB |
| ASHLEY GRISHAM, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Dr. Charles Pewitt and Ashley Grisham's (collectively "Defendants") Motion to Dismiss for Failure of Plaintiff to Comply with Court Order (ECF No. 30), filed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and Plaintiff Terry Lewis Benford's ("Plaintiff") Motion for Appointment of Counsel to Represent under 42 U.S.C. [§] 1983 and Request for Delay of Case Management Order – Track 5 – Disclosures of Documents by the Plaintiff and Discovery of Defendants ("Motion for Appointment of Counsel" or "Request for Delay") (ECF No. 32). The pro se prisoner Plaintiff has responded to the motion to dismiss. The motion will be denied without prejudice for the following reasons.

Pro se Plaintiff brought this prisoner civil rights action against Defendants and Defendant Gina Whitlock ("Whitlock"),[1] alleging that Defendants, the nurse and the doctor at the Dunklin County Justice Department, were aware that he was diabetic, but failed to provide necessary medical treatment, including administering insulin and ignoring requests for medical attention.

---

[1] On April 25, 2018, the Court dismissed Dunklin County and Nicole Green as defendants from this action and the official capacity claims against Defendants Pewitt, Grisham, and Whitlock. (ECF No. 10) On July 18, 2018, the Court granted in part and denied in part Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 16). Whitlock did not file a motion to dismiss or join in Defendants' pending motion to dismiss.

1

(ECF No. 1) Plaintiff also alleges that Defendants did not provide medical care when his blood sugar was extremely low.

In his Request for Delay, Plaintiff states that all of his medical and grievance records from Dunklin County Jail have not been provided to him[2] and requests his medical records from his Kentucky doctors be provided to him.[3] Plaintiff further states that he sent any information he had to Defendants' counsel and requests the Court appoint him counsel.

Defendants move to dismiss this case with prejudice because Plaintiff has failed to file initial disclosures as required by Rule 26(a)(1)(A)(ii) by September 24, 2018, pursuant to the Case Management Order ("CMO") issued on August 24, 2018. (ECF No. 29) Defendants state that although all Defendants have complied with the CMO's initial disclosure deadline, Plaintiff has failed to comply as he has not provided Defendants with any discovery or initial disclosures as ordered. Defendants assert that Plaintiff's non-compliance has prejudiced them in their "ability to prepare appropriate dispositive Motions, conduct discovery and to otherwise defend this cause of action as they cannot investigate the likely testimony of any individuals who may be called as witnesses by the plaintiff in order to prepare for trial." (ECF No. 31 at 2)

Rule 41(b) permits dismissal with prejudice "[f]or failure of a plaintiff to prosecute or comply with these rules or any order of court." Fed. R. Civ. P. 41(b). Nonetheless, the Eighth Circuit has "recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of

---

[2] In their Memorandum of Law in Opposition to Plaintiff's Request for Delay, Defendants state that they "have produced to Plaintiff every document that is in these Defendants['] possession." (ECF No. 33 at 3)

[3] The Court notes that Plaintiff's medical records from his outside primary care providers in Kentucky have no bearing on this case regarding whether he received necessary medical treatment while incarcerated at Dunklin County Jail. Plaintiff has offered no explanation as to why he needs these records. Nothing is preventing Plaintiff from obtaining these medical records on his own.

intentional delay." Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000); Devoto v. Corizon, Inc., 2014 WL 294326, at *3 (E.D. Mo. Jan, 27, 2014)((holding that dismissal with prejudice is an extreme sanction that should be employed only in cases of willful disobedience of a court order or persistent failure to prosecute complaint); see also Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994) (affirming Rule 41(b) dismissal of action filed by pro se plaintiff who willfully disregarded a court order). Any sanction imposed by a district court under Rule 41(b) must be proportionate to the litigant's transgression. Rodgers v. Curators of the Univ. of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998). Because dismissal with prejudice is an extreme sanction, the Eighth Circuit has admonished district courts that "this ultimate sanction should only be used when lesser sanctions prove futile." DiMercurio v. Malcom, 716 F.3d 1138, 1140 (8th Cir. 2013); see Bergstrin v. Frascone, 744 F.3d 571, 574-75 (8th Cir, 2014) (finding district court abused its discretion in dismissing case with prejudice, without considering lesser sanctions). "Under Rule 41(b), the focus is foremost on the egregiousness of the plaintiff's conduct, and only to a lesser extent on the prejudice to the defendant or the administration of justice in the district court." Burgett v. The General Store No. Two, Inc., 2018 WL 1444200, at *1 (8th Cir. Mar. 23, 2018).[4]

Although Defendants are correct that a pro se litigant is not excused from complying with court orders or substantive or procedural law, dismissal with prejudice due to Plaintiff's failure

---

[4] Courts have found a variety of conduct sufficiently willful to justify dismissal, including the willful failure to answer interrogatories, Fox-StudebakeWorthington, Inc., 516 F.2d 989, 993 (8th Cir. 1975), conduct exhibiting a pattern of intentional delay, Fletcher v. Southern Farm Bureau Life Ins. Co., 757 F.2d 953, 956 (8th Cir. 1995), a persistent failure to respond to discovery requests and disregard of a court's order requiring the production of discovery responses, Edina Courriers, LLC v. UPS Mail Innovations, 2008 WL 80000 (D. Minn. Jan. 4, 2008, and a failure to comply with an order for deposition. Aziz, 34 F.3d at 589.

to provide timely initial disclosures is not proportionate to Plaintiff's transgression.[5]  Bennett v.
Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002); Carman v. Treat, 7 F.3d 1379,
1381 (8th Cir. 1993) (pro se status does not entitle party to disregard Federal Rules of Civil
Procedure).  While courts exercise caution in dismissing the claims of pro se plaintiffs, and pro
se pleadings are held to a less stringent standard than pleadings drafted by attorneys, pro se
plaintiffs are not excused from complying with court orders.  Leach v. Waterway Car Wash, 217
Fed. Appx. 571 (8th Cir. 2007) (affirming dismissal of complaint pursuant to Rule 41(b), but
finding that plaintiff's conduct did not arise to level of willful disobedience or intentional delay,
the court modified the dismissal to be without prejudice).

By filing a motion to dismiss with prejudice, Defendants request an extreme sanction in
the absence of evidence of willful disobedience or a pattern of intentional delay.  Because
Defendants' motion does not ask for the possibility of a lessor, more proportionate sanction, their
motion to dismiss will be denied without prejudice.  See Fed. R. Civ. P. 37(b)(2).  Eighth Circuit
precedent counsels against dismissing when, as in this case, a party fails to comply with a single
court order.  See Givens v. A.H. Robins Co., 751 F.2d 261, 263 (8th Cir. 1984) (revering a
district court's dismissal and stating that "not every instance of failure to comply with an order of
court, however inexcusable, justifies total extinction of a client's cause of action."); see also
Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (reversing dismissal when plaintiff acting
pro se violated a single court order); cf. Hunt, 203 F.3d at 528 (noting the question whether to
dismiss "might be a closer one if [the plaintiff] had failed to follow only one or two of the court's
specific instructions.").  In short, the extreme sanction of dismissal with prejudice no less would

---

[5] Rule 16(f) identifies sanctions available to the Court for the failure of a party to obey a
scheduling or pretrial order as those stated in Rule 37(b)(2)(A)((ii)-(vii).  Fed. R. Civ. P. 16(f).

4

be disproportionate to Plaintiff's transgression. Accordingly, the Court will deny Defendants' Motion to Dismiss without prejudice.

Plaintiff should not construe this Court's ruling as excusing his failure to comply with the CMO's requirements. Plaintiff is forewarned that his case may be dismissed or other sanctions may be imposed against him if he continues to fail to comply with the CMO or other Court orders. See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

In considering a motion to appoint counsel for an indigent plaintiff, the court should "determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984). Having considered the factual complexity of this civil rights action, the ability of Plaintiff to investigate the facts, the ability of Plaintiff to present his claim,[6] and the complexity of the legal issues involved in this case, see Johnson v. Williams, 788 F.2d 1319, 1323 (8th Cir. 1986), the Court concludes that appointment of counsel is not warranted at this time. Plaintiff has presented non-frivolous allegations in his complaint. However, Plaintiff has demonstrated, at this point, that he can adequately present his claims to this Court. The Court

---

[6] The undersigned notes that in an earlier deliberate indifference case, Plaintiff, without the assistance of counsel, was able to complete discovery, to file his own summary judgment motion, and to file opposition to a summary judgment motion. See Benford v. Hopper, 2:11 cv 121 JAR.

5

will continue to monitor the progress of this case, and if it appears to this Court that the need arises for counsel to be appointed, the Court will reconsider. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Dr. Charles Pewitt and Ashley Grisham's Motion to Dismiss for Failure of Plaintiff to Comply with Court Order (ECF No. 30) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel to Represent under 42 U.S.C. [§] 1983 and Request for Delay of Case Management Order – Track 5 – Disclosures of Documents by Plaintiff and Discovery of Defendants (ECF No. 32) is denied without prejudice as to his request for appointment of counsel and granted as to his request for delay. No later than December 20, 2018, Plaintiff shall submit to Defendants a list, including addresses, of all persons having knowledge or information of the facts giving rise to his claim and all documents that Plaintiff believes mention, relate to, or in any way support his claims.

**IT IS FURTHER ORDERED** that Plaintiff's "Request of Discovery of all Medical and Grievances Records from Dunklin County Jail" is DENIED inasmuch as Plaintiff is not entitled to all of Dunklin County Jail's medical and grievance records or individual files of other prisoners who are not parties to this action.

**IT IS FURTHER ORDERED** that erring on the side of caution, Defendants shall provide copies of Plaintiff's medical and grievance records from Dunklin County Jail during the relevant time period related to Plaintiff's claims in this case.

**IT IS FURTHER ORDERED** that Defendants shall answer the complaint no later than fourteen (14) days from the date of this Memorandum and Order.

/s/ *John M. Bodenhausen*
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of November, 2018.