UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TERRY LEWIS BENFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:18 CV 5 JMB |
| | ) | |
| ASHLEY GRISHAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendants Dr. Charles Pewitt and Ashley Grisham's (collectively "Defendants") Motion to Stay Further Proceedings (ECF No. 42). The pro se prisoner Plaintiff has filed a response in opposition (ECF No. 44). The motion will be granted for the following reasons.

Pro se Plaintiff brought this prisoner civil rights action against Defendants and Defendant Gina Whitlock ("Whitlock"),[1] alleging that Defendants, the licensed practical nurse and the doctor at the Dunklin County Justice Department, were aware that he was diabetic, but failed to provide necessary medical treatment, including administering insulin and ignoring requests for medical attention. (ECF No. 1) Plaintiff also alleges that Defendants did not provide medical care when his blood sugar was extremely low.

On March 15, 2019, Defendants filed a Motion to Stay Discovery, seeking to suspend discovery pending the Court's ruling on their Motion for Summary Judgment, which they filed on March 14, 2019. Defendants assert that further discovery would not assist Plaintiff in

---

[1] On April 25, 2018, the Court dismissed Dunklin County and Nicole Green as defendants from this action and the official capacity claims against Defendants Pewitt, Grisham, and Whitlock. (ECF No. 10) On July 18, 2018, the Court granted in part and denied in part Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 25). Whitlock did not join in Defendants' pending motions to stay or for summary judgment.

1

responding to their motion and that further discovery would be costly and wasteful. The issues presented in Defendants' Motion for Summary Judgment are essentially limited to Plaintiff's medical and institutional records related to his medical treatment from August 15 to December 10, 2017, while he was incarcerated at Dunklin County Jail.

Pursuant to Rule 26(c), district courts have broad discretion to stay discovery. Fed. R. Civ. P. 26(c); Steinbuch v. Cutler, 518 F.3d 580, 588 (8th Cir. 2008). When determining whether to stay discovery, the Court should consider the following factors: (1) whether there is a strong showing that a claim is unmeritorious; (2) the breadth of discovery and burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. Allen v. Agreliant Genetics, LLC, 2016 WL 5416418, at * 2 (N.D. Iowa Sept. 26, 2016). Courts may also consider the complexity of the action and the stage of litigation. Chesney v. Valley Stream Union Free Sch. Dist., 236 F.R.D. 113, 116 (E.D. N.Y. 2006).

Considering these factors in determining the propriety of a stay of discovery pending a ruling on a dispositive motion, the Court finds they weigh in favor of a stay of discovery. The Court has reviewed the briefing regarding Defendants' motion for summary judgment and concludes that Defendants' argument is colorable. On March 25, 2019, Plaintiff filed a response in opposition to Defendants' Motion to Stay, arguing that "Defendants seek to avoid the cost and time on discovery and to obtain the Plaintiff [*sic*] prior medical records, and to take deposition of Plaintiff" but Plaintiff fails to assert that certain documents are necessary for his response or that he requires more time to conduct discovery in order to adequately respond to the motion. (ECF No. 44 at 1) The breadth of discovery noted by Plaintiff is broad and exceeds the time period of his treatment by Defendants. The Court concludes that Defendants' request for a stay was made in good faith. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay Further Proceedings (ECF No. 42) is GRANTED as to Defendants Dr. Charles Pewitt and Ashley Grisham. Discovery shall be stayed pending disposition of their motion for summary judgment. If during the Court's consideration of the motion for summary judgment Plaintiff is able to demonstrate that there are relevant matters outside the current record that the Court can consider as a matter of law and that further discovery needs to be done with respect to these matters, the Court can delay ruling on the motion and permit further discovery.

/s/ ***John M. Bodenhausen***
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of March, 2019.