UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| TERRY LEWIS BENFORD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:18 CV 5 JMB |
| | ) | |
| ASHLEY GRISHAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Jeannie Whitlock's[1] ("Defendant") Motion for Summary Judgment (ECF No. 59). Plaintiff Terry Lewis Benford ("Plaintiff"), who proceeds pro se, has filed a response in opposition, and Defendant has filed a reply thereto. All matters are pending before the undersigned United States Magistrate Judge with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I.  Background**

Plaintiff was a prisoner incarcerated at Dunklin Justice Center ("DJC") at the time of the events giving rise to this dispute. (ECF No. 1)[2] Defendant was a jailor at DJC at such time. (Id.) Plaintiff filed suit pursuant to 42 U.S.C. § 1983, claiming that Defendant was deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. Plaintiff alleges that, although Defendant was aware he was a diabetic, she allegedly failed to check his blood sugar

---

[1] In the Complaint, Plaintiff identified Defendant as "Gina Whitlock." Defense counsel has since provided the Court with her correct name.

[2] Materials in the record are cited with the CM/ECF document number and the page number that appears in the red header.

level and to give him a diabetic snack and insulin on several occasions. Plaintiff also alleges that Defendant did not give him a new food tray after he allegedly told her that he found a hair in his food and his food was cold. For the reasons discussed below, the Court concludes that the issues in the case can be resolved based on the present motion. Accordingly, the Court will grant Defendant's Motion for Summary Judgment.

## II.    Uncontroverted Facts Material to Motion

The following recitation of undisputed facts giving rise to Plaintiff's claims is taken from Defendant's Statement of Uncontroverted Material Facts, the exhibits attached thereto, and the undersigned's independent review of the record in the case. The Court largely adopts the Statement of Undisputed Material Facts submitted by Defendant in support of her motion. This statement of facts is supported by references to the exhibits attached to the motion.

Although Plaintiff has attempted to dispute Defendant's statements of the facts, he offers only speculation, personal opinion, and legal conclusions, which are insufficient to defeat the pending motion. In his response in opposition to summary judgment, Plaintiff did not indicate that any of the facts asserted by Defendant was disputed and did not cite any evidence to controvert any of those facts. As a result, for purposes of this motion, Plaintiff is deemed to have admitted all of Defendant's facts because they were not specifically converted. See Roe v. St. Louis Univ., 746 F.3d 874, 881 (8th Cir. 2014) (If the opposing party does not raise objections to a movant's statement of facts as required by Local Rule 4.01(E), "a district court will not abuse its discretion by admitting the movant's facts."); Ridpath v. Pederson, 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did not convert defendant's statement of material fact, it was deemed admitted under E.D. Mo. Local Rule 4.01(E)).

On August 13, 2017, Plaintiff was booked into DCJ. (ECF No. 61 at ¶ 2) DJC has an Inmate Grievance Process that is set forth in the Inmate Handbook and Rules. (Id. at ¶ 5) Plaintiff acknowledged that there is a prisoner grievance procedure at DCJ set forth in the Inmate Handbook and Rules, and he had access to the same during his time at DCJ. (ECF No. 76 at ¶¶ 4-5) DCJ provides an administrative grievance program to allow inmates to seek formal review of issues relating to confinement. The first step in that process is for an inmate to "complete and sign a formal Inmate Grievance Form [within 24 hours from the time of the incident] and give the form to a Corrections Officer to give to the Corrections Supervisor in charge of Grievances." (ECF No. 61-6) The written grievances are usually submitted using a computer kiosk located in each housing pod at DCJ. (ECF No. 61 at ¶ 7) "The formal grievance should be answered within 48 hours of time of submission (weekends and holidays excepted)." (ECF No. 61-6) If the inmate is dissatisfied with the response to his written grievance, "the inmate may resubmit the grievance to the Jail Administrator. If his/her decision does not resolve the matter then the grievance may be resubmitted to the Sheriff of Dunklin County. The Sheriff's decision is final." (Id.) Once the Sheriff makes a decision as to a grievance, the inmate has exhausted the grievance process. (Id.)

During his confinement at DCJ, Plaintiff submitted numerous written grievances. (ECF No. 61 at ¶ 10) Plaintiff submitted five written grievances regarding Defendant's alleged refusal to check his blood sugar level in the evening on September 5, 2017. (ECF No. 61 at ¶ 11; ECF No. 64-4 at 9-13) Although Plaintiff appealed some of the initial responses by resubmitting them, Plaintiff did not exhaust the process by resubmitting the grievances to the Sheriff. (Id.) Next on September 7, 2017, Plaintiff submitted a written grievance regarding the failure to be given a diabetic snack. (ECF No. 61 at ¶ 12; ECF No. 64-4 at 17) Plaintiff did not appeal the initial response that he received by resubmitting the written grievance to the jail administrator. (Id.) On

3

October 24 and 25, 2017, Plaintiff submitted another five inmate grievances directed to other DCJ staff members regarding the alleged refusal to check his blood sugar level and the failure to provide a diabetic snack. (ECF No. 61 at ¶ 13; ECF No. 64-4 at 45-48, 50) Although Plaintiff appealed some of the initial responses by resubmitting them, Plaintiff did not appeal any of the grievances to the Sheriff. (Id.) On November 8 and 9, 2017, Plaintiff submitted inmate grievances regarding Defendant's alleged refusal to check his blood sugar level after his meal on November 8, 2017. (ECF No. 61 at ¶ 14; ECF No. 64-4 at 56-57) Plaintiff did not appeal either of the initial responses by resubmitting the written grievances to the jail administrator and then to the Sheriff. (Id.) Finally, on December 7, 2017, Plaintiff submitted another written grievance regarding Defendant and another jailer's refusal to provide him a new food tray after he found a hair in his food. (ECF No. 61 at ¶ 15; ECF No. 64-4 at 154) Plaintiff did not appeal the initial response by resubmitting the written grievance to the jail administrator and then to the Sheriff. (Id.)

### III. Legal Standards

#### A. Summary Judgment

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under Rule 56, a party moving for summary judgment bears the burden of demonstrating that no genuine issue exists as to any material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Once the moving party discharges this burden, the non-moving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere

existence of some alleged factual dispute." Anderson, 477 U.S. at 247. The non-moving party may not rest upon mere allegations or denials in the pleadings. Id. at 256. "Factual disputes that are irrelevant or unnecessary" will not preclude summary judgment. Id. at 248. The Court must construe all facts and evidence in the light most favorable to the non-movant, must refrain from making credibility determinations and weighing the evidence, and must draw all legitimate inferences in favor of the non-movant. Id. at 255.

In this district, the movant's facts are deemed admitted if not specifically controverted by the party opposing the motion. E.D. Mo. L.R. 4.01(E). "Courts should proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken." Id. "In so ruling, even on an unopposed motion for summary judgment, the court should review the facts in a light most favorable to the party who would be opposing the motion." Roland v. Wallace, 2017 WL 1196426, at *2 (E.D. Mo. Mar. 31, 2017).

Defendant has, in accordance with the Court's Local Rule 4.01(E), submitted a Statement of Uncontroverted Material Facts, which is supported by references to the record. Although Plaintiff filed a response to Defendant's Statement, he offers only speculation, personal opinion, and legal conclusions, which are insufficient to defeat the pending motion. Because Plaintiff has failed to contravene Defendant's material facts, the facts are considered undisputed. See Odom v. Tripp, 575 F. Supp. 1491, 1493 (E.D. Mo. 1983). As a result, for purposes of this motion, Plaintiff is deemed to have admitted all of Defendant's facts because they were not specifically converted. See Roe, 746 F.3d at 881 (8th Cir. 2014). Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 7-4.01 of this Court's Local Rules, Defendant's facts are therefore deemed admitted.

## B. Exhaustion of Administrative Remedies

Title 42 U.S.C. § 1997e(a), enacted as part of the Prisoner Litigation Reform Act of 1996 ("PLRA"), provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

See also Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) (proper exhaustion is required under the PLRA). Proper exhaustion "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. Whether proper exhaustion has been achieved turns of the specifics of the prison policy. Jones v. Bock, 549 U.S. 199, 218 (2007).

In order for a Missouri prisoner to satisfy the exhaustion requirement, he must avail himself of the prison grievance process to its final stage established by the facility. Porter v. Sturm, 781 F.3d 448, 451 (8th Cir. 2015). Dismissal is mandatory if exhaustion of administrative remedies did not occur prior to filing of the lawsuit. Jones, 549 U.S. at 211 (stating unexhausted claims cannot be brought in court); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003). The purpose of the exhaustion requirement is to allow agencies to correct their own mistakes without being hauled into federal court and to promote efficiency. Woodford, 548 U.S. at 89. "Nonexhaustion is an affirmative defense, and defendants have the burden of raising and proving the absence of exhaustion." Porter, 781 F.3d at 451.[3]

---

[3] In her affirmative defenses, Defendant asserts that Plaintiff's claims are barred under 42 U.S.C. § 1997e(a) because Plaintiff failed to exhaust administrative remedies. (ECF No. 21 at ¶ 11)

There are two circumstances under with the Eighth Circuit has excused inmates from complying with an institution's grievance procedure: 1) when prison officials have prevented inmates from utilizing the procedures; and 2) when officials themselves have failed to comply with the grievance procedures. Gibson v. Weber, 431 F.3d 339, 341 (8th Cir. 2005). This is because "a remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 197e(a)." Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001). In opposing a motion for summary judgment on the issue of exhaustion of administrative remedies, a plaintiff must present evidence beyond mere conclusory statements to demonstrate a prison official precluded him from fully exhausting his administrative remedies. Gisege v. Minn. Dept. of Corrs., 2007 WL 2892024, at *11 (D.Minn. Sept. 28, 2007).

**IV.  Discussion**

In the Complaint, Plaintiff claims that Defendant violated his constitutional rights under the Eighth Amendment. In particular, Plaintiff alleges that Defendant demonstrated deliberate indifference to his serious medical needs by allegedly failing to check his blood sugar level and to give him a diabetic snack and insulin on several occasions. Plaintiff also alleges that Defendant did not give him a new food tray after he allegedly told her that he found a hair in his food and his food was cold.

In her Motion for Summary Judgment, Defendant argues that Plaintiff's claims must be dismissed because Plaintiff failed to exhaust his administrative remedies prior to his initial filing of the case. Defendant's unrebutted evidence shows that Plaintiff failed to exhaust all administrative remedies because he failed to submit any of his inmate grievances regarding Defendant to the

7

Sheriff as required by the Inmate Grievance Process. Therefore, Defendant is entitled to judgment as a matter of law on Plaintiff's claims pursuant to 42 U.S.C. § 1997e(a).

As outlined above, the administrative process available to Plaintiff consisted of the filing of a grievance, resubmitting the grievance to the Jail Administrator, and resubmitting the grievance to the Sheriff. As the evidence submitted in support of the summary judgment motion demonstrates, it is undisputed that Plaintiff never completed this process as of the date he filed the instant lawsuit. Plaintiff does not dispute Defendant's description of the grievance process or the evidence regarding his failure to complete the process. Likewise, although Plaintiff asserts that he could not complete the grievance process because "his grievances were not or never responded to," this assertion is refuted by summary judgment record and Defendant's statement of uncontroverted facts.

The Court concludes that Plaintiff has not created an issue of disputed fact. As the non-moving party, Plaintiff may not rest on the allegations of his pleadings, but he must set forth specific facts, by affidavit or other evidence, showing an issue of disputed fact. See Fed.R.Civ.P. 56(e).

Based on the uncontroverted facts, the Court finds that Plaintiff has not exhausted available administrative remedies with respect to his claims against Defendant. The Court will grant Defendant's Motion for Summary Judgment.

### V. Conclusion

Plaintiff has not cited to the Court, nor has the Court found, any case in which a district court has permitted a prisoner's § 1983 claims to proceed where exhaustion had not occurred at the time of filing. Because it is undisputed that Plaintiff had not exhausted administrative remedies

when he filed his instant Complaint, Defendant is entitled to summary judgment and to dismissal of the claims against her, without prejudice, to refiling.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Jeannie Whitlock Motion for Summary Judgment  (ECF No. 59) is GRANTED, and Plaintiff's claims against Defendant are DISMISSED without prejudice for failure to exhaust administrative remedies.

An appropriate Judgment is entered herewith.

/s/ ***John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of February, 2020.